UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

Nº 08-CV-1939 (JFB)(AKT)
_____

RICHARD LEVINE,

Plaintiff,

VERSUS

PAUL S. MANNA AND CHRISTINE A. MANNA,

Defendants.

PAUL S. MANNA AND CHRISTINE A. MANNA,

Third-Party Plaintiffs,

VERSUS

JOSH SLOCUM AND JOHN SLOCUM,

Third-Party Defendants.

_____

**MEMORANDUM AND ORDER**
August 11, 2010
_____

JOSEPH F. BIANCO, District Judge:

Plaintiff Richard Levine (hereinafter "plaintiff" or "Levine") brings this diversity action against defendants Paul S. Manna and Christine A. Manna (hereinafter "defendants" or "third-party plaintiffs"), seeking relief for personal injuries arising from an accident on July 4, 2008, on Montauk Highway (also known as "Route 27") in the Town of East Hampton, New York. Specifically, plaintiff alleges that a car operated by defendant Paul Manna struck him after he had stepped out onto the roadway to retrieve papers that had blown out of a vehicle in which he had been a passenger. Josh Slocum was the driver of the vehicle in which plaintiff had been riding, and John Slocum was the vehicle's owner. After plaintiff filed this lawsuit, defendants commenced a third-party action against Josh

Slocum and John Slocum. The third-party complaint alleges that Josh Slocum negligently discharged plaintiff Levine as a passenger from the vehicle, thus causing the accident when Levine walked on the roadway and was struck by the car driven by Paul Manna. Thus, the third-party complaint seeks contribution for all or part of Levine's negligence claims against the defendants.

Presently before the Court is a motion by third-party defendants Josh Slocum and John Slocum (collectively the "third-party defendants") for summary judgment on the third-party complaint. For the reasons set forth below, the Court grants the third-party defendants' motion for summary judgment on the third-party complaint. Although third-party plaintiffs argue in a conclusory way that Josh Slocum (as the driver of the car) was the "captain of the ship" who should somehow be liable for injuries that occurred to a former passenger *after* the passenger safely exited the lawfully stopped vehicle, there is no support for this theory of liability under well-settled New York law given the undisputed facts in this particular case. Thus, summary judgment is warranted.

I. BACKGROUND

A. Facts

The following relevant facts are taken from the parties' depositions, declarations, exhibits and Local Rule 56.1 statements of facts. Upon consideration of a motion for summary judgment, the Court construes the facts in the light most favorable to the non-moving party. *See Capobianco v. City of N.Y.*, 422 F.3d 47, 50 n.1 (2d Cir. 2005). The facts are undisputed unless otherwise noted.

On July 4, 2005, at approximately 1:20 p.m., Josh Slocum was operating a sport-utility vehicle (SUV) owned by his brother, John Slocum. Plaintiff Levine was a passenger in the front seat of the SUV, and Josh's other brother, Toby Slocum, was seated in the rear seat.[1] As Josh Slocum was driving the SUV westbound on Montauk Highway in East Hampton, which is also known as Route 27, papers blew out the window of the vehicle. Josh Slocum made a U-turn from the westbound lane and pulled over to the shoulder of the eastbound lane to search for the papers that had blown out of the vehicle. There are no Village, Town, or State restrictions on parking, stopping, or standing on the shoulder of the roadway where Josh Slocum parked. No portion of the SUV, while parked, was on any portion of the travel lane of the roadway. Montauk Highway has a speed limit of 55 miles per hour in that area.

Josh Slocum exited the SUV to retrieve the papers from the roadway. Levine also exited the SUV to assist Josh Slocum in retrieving the papers. At that time, a vehicle operated by third-party plaintiff Paul Manna was traveling westbound on Montauk Highway. After Levine exited the SUV on the shoulder of the road and stepped out onto the roadway to retrieve the papers, Manna's car struck him.

B. Procedural History

On May 14, 2008, plaintiff Levine filed the instant complaint based on the Court's

---

[1] It is also undisputed that, "[a]t the time of the incident, the weather conditions were sunny and the roadway in the area where the incident occurred was straight and dry." (Manna Mem. of Law at 8.)

jurisdiction under 28 U.S.C. § 1332, alleging that the negligence of Paul Manna and Christine Manna caused his personal injuries when their vehicle allegedly hit plaintiff on July 4, 2005. On July 14, 2008, defendants filed an answer.

On July 13, 2009, the defendants filed a third-party complaint against Josh and John Slocum for contribution based upon the alleged negligence of Josh Slocum in discharging Levine from his SUV. On August 26, 2009, the third-party defendants filed an answer to the third-party complaint.

On March 1, 2010, the third-party defendants moved for summary judgment on the third-party complaint. On April 1, 2010, the third-party plaintiffs filed their opposition papers. On April 12, 2010, the third-party defendants filed their reply. Oral argument was heard on July 7, 2010. In response to an objection by the third-party plaintiffs, the Court directed that the third-party defendants file a Local Rule 56.1 statement by July 16, 2010. The Court also gave third-party plaintiffs the option of responding to that submission by July 26, 2010 or relying on their previously submitted Local Rule 56.1 statement. The third-party defendants' Rule 56.1 statement was filed on July 13, 2010. No supplemental Rule 56.1 statement was received from third-party plaintiffs. The Court has fully considered the submissions of the parties.

## II. STANDARD OF REVIEW

The standards for summary judgment are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate only if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Reiseck v. Universal Commc'ns of Miami, Inc.*, 591 F.3d 101, 104 (2d Cir. 2010). The moving party bears the burden of showing that he or she is entitled to summary judgment. *See Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). The court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the moving party has met its burden, the opposing party "'must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*.'" *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (emphasis in original)). As the Supreme Court stated in *Anderson*, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). Indeed, "the mere existence of *some* alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. *Id.* at 247-48

(emphasis in original). Thus, the nonmoving party may not rest upon mere conclusory allegations or denials but must set forth "'concrete particulars'" showing that a trial is needed. *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (quoting *SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978)). Accordingly, it is insufficient for a party opposing summary judgment "'merely to assert a conclusion without supplying supporting arguments or facts.'" *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996) (quoting *Research Automation Corp.*, 585 F.2d at 33).

### III. Discussion

As set forth below, the Court concludes that the third-party defendants are entitled to summary judgment on the third-party claims. In considering the parties' arguments, the Court, in exercising its diversity jurisdiction, must "apply the substantive law of the state to which the forum state, New York, would have turned had the suit been filed in state court." *Factors Etc., Inc. v. Pro Arts, Inc.*, 652 F.2d 278, 280 (2d Cir. 1981) (citations omitted). All parties agree that New York law applies to the instant case.

It is well-settled under New York law that, absent a special relationship or special circumstance, a driver is not responsible for a passenger's safety once that passenger exits the vehicle. For example, in *Jezerski v. White*, 209 N.Y.S.2d 666 (N.Y. Sup. Ct. 1961), plaintiff claimed that the defendant driver caused her to become emotionally disturbed while she was a passenger in his car and then negligently let plaintiff out across the street from her home and, thus, was liable when another car hit plaintiff as she was crossing the street. The court dismissed the lawsuit and held that the defendant driver was not responsible for injuries sustained by the adult plaintiff after she exited his car and crossed the street. In particular, the court explained:

> The complaint does not allege any knowledge by [the defendant driver] that the [other driver] was operating his vehicle in a negligent manner on the highway prior to the accident; nor does it set forth any circumstances by which [the defendant driver] might be charged with notice that [the other driver] would fail to exercise due care for plaintiff's safety at the time of the accident. It is inconceivable that such foresight could be attributed to this defendant. On the other hand, this defendant surely knew that pedestrians cross traveled highways in safety day after day and that a multitude of vehicles are operated on the highways in a manner which does not result in accident or injury. In these circumstances, and absent any allegation of actual knowledge of the impending negligence by [the other driver], [the defendant driver] was not bound to anticipate that plaintiff would be injured in the middle of the public way. If the converse were true, it would follow that a driver could never, in the exercise of due care, deposit a passenger at any location where it was necessary for the latter to cross a traveled highway since, being bound to anticipate that some negligent driver might be approaching on the road, he would be liable for any accident which might befall his passenger. This of course is not the law in this, or any, jurisdiction, to the

4

knowledge of the court.

209 N.Y.S.2d at 669-70.

Similarly, in *Mignery v. Gabriel*, 154 N.Y.S.2d 85 (App. Div. 1956), a plaintiff sued the driver of the car in which plaintiff had been a passenger, claiming that the driver was liable for injuries which occurred when the plaintiff was struck by a hit and run driver after he had exited defendant's vehicle. Specifically, plaintiff claimed that the defendant was negligent because, when plaintiff exited defendant's car at night, defendant's car was partially parked on the paved portion of a highway in violation of the Vehicle and Traffic Law. *See* 154 N.Y.S.2d at 87. The Third Department reversed the jury verdict against the defendant and dismissed the complaint. In reaching that decision, the court explained that, even if defendant was negligent in how he parked the car, he still could not be liable for what happened after plaintiff safely got out of defendant's car:

> It is elementary that the defendant owed a duty of reasonable care to his passengers, both in driving and stopping his car. It is equally elementary that plaintiff had a duty to look after his own safety. There is not the slightest evidence that he made any protest over a situation now characterized as dangerous, indeed there is no indication that either he or the defendant regarded the situation as dangerous. That viewpoint did not arise until he had become the unfortunate victim of the accident.

*Id*. at 88. *See generally* 8B N.Y. Jur. 2d Automobiles § 1123 ("The driver of a car owes no duty to one who has been a passenger therein after he or she has alighted from the vehicle for the purpose of crossing the street to his or her residence on the other side, and is not liable for injuries sustained by him or her in crossing at the middle of the block and attributable to negligence of the driver of another car.").

An exception to this general rule exists when the passenger is a child. In other words, a heightened duty applies to a driver when the exiting passenger is a child because of a child's inability to foresee potential dangers after exiting. *See, e.g.*, *Ross v. Ching*, 539 N.Y.S.2d 181, 182 (App. Div. 1989) (stating that the holding of *Jezerski* "is no longer valid where infants are involved").

Applying the above-referenced standard under New York law to the instant case, the uncontroverted evidence demonstrates that no negligence claim can prevail as a matter of law against the Slocum defendants for injuries that occurred after Levine left the Slocum vehicle and was hit by another car as he proceeded to walk onto the roadway. Specifically, the following facts are uncontroverted: (1) Levine was an adult at the time of the accident; (2) Josh Slocum pulled over to the shoulder of the eastbound lane of Montauk Highway where Levine exited the vehicle; (3) there are no Village, Town, or State restrictions on parking, stopping, or standing on the shoulder of the roadway where Josh Slocum parked;[2] (4) no portion of Slocum's vehicle was on any portion of the

---

[2] Counsel for third-party plaintiffs confirmed at oral argument that it is undisputed that it was not a violation of any traffic law for Josh Slocum to stop on the shoulder of the roadway at that location. (*See* Oral Argument at 11:16:10-11:16:30.)

5

travel lane of the roadway; and (5) Levine was injured when struck by another car after he exited the Slocum vehicle and walked onto the roadway. Given these uncontroverted facts, the third-party defendants cannot be held liable for any injuries to Levine that occurred after he walked onto the roadway and was struck by the car driven by Paul Manna.

Although the third-party plaintiffs make several arguments in an attempt to avoid summary judgment, none of those arguments are persuasive. First, the third-party plaintiffs try to create a disputed issue of material fact by arguing that Josh Slocum may have asked Levine to assist him in retrieving the papers that were on the roadway and that he would be liable if he had made such a request. Thus, according to the third-party plaintiffs, a jury must be decide this disputed factual issue— namely, whether Josh Slocum made such a request before Levine exited the vehicle. As a threshold matter, the Court notes there is no evidence that any such request was made by Josh Slocum. In fact, both Josh Slocum and Richard Levine—who are the only two participants in the alleged conversation— testified that no such request took place. (Pl.'s Dep. 74:16-19, ECF No. 26-6; Josh Slocum Dep. 26:10-14; ECF No. 26-12.) The third-party plaintiffs, while offering nothing to contradict this evidence, argue that it is "biased, self-serving, and unreliable." (Manna Mem. of Law at 12.) In any event, the resolution of this purported factual dispute is not material to the instant motion because, even if such a request for assistance had been made by Josh Slocum, he would still not have any liability for negligence under New York law given the other uncontroverted facts referenced above. A request by a driver (who is not a common carrier) to an adult passenger to exit a parked car to assist him or her in some way does not make the driver liable for injuries sustained by the passenger after safely exiting the vehicle. The precise argument being made by the third-party plaintiffs here was rejected by the Third Department in *Mignery*. Specifically, in *Mignery*, it was alleged that the defendant, with the plaintiff as his passenger, pulled the car to the side of road after a second car, driven by the plaintiff's brother, had pulled over. 154 N.Y.S.2d at 86. It was further alleged that defendant said, "Come on. Let's see what he wants," and both plaintiff and defendant got out of the car to check the other vehicle. *Id.* at 86-87. After checking the vehicle and while returning to their car, plaintiff was injured by a hit and run driver. *Id.* at 87. Despite the testimony that defendant had invited plaintiff to exit the car with him (and even assuming the car was negligently parked), the Third Department reversed the jury verdict and held that the complaint should be dismissed. *Id.* at 87-88. Thus, in the instant case, the issue regarding whether Josh Slocum requested Levine's assistance does not create a material issue of fact that precludes summary judgment.[3]

Second, the cases cited by third-party plaintiffs are clearly distinguishable from the factual circumstances present here. For example, third-party plaintiffs cite cases involving juvenile passengers, in which, as

---

[3] The suggestion by third-party plaintiffs that the U-turn was dangerous and creates a material issue of fact regarding Josh Slocum's negligence is similarly flawed. Levine was not injured during the U-turn. He was injured after the car was lawfully parked and he exited the vehicle and tried to walk onto the roadway. Thus, the U-turn is completely immaterial to any negligence claim against the third-party defendants.

6

noted above, there is a heightened duty on the driver to ensure a passenger's safety when exiting and which are therefore inapposite to the instant case involving an adult passenger. *See, e.g.*, *Ross v. Ching*, 539 N.Y.S.2d at 183 (noting that the general rule in *Jezerski* did not apply with a child passenger and that the "jury should have been permitted to consider whether he acted reasonably in leaving a minor off in a rain storm on a four-lane high-speed highway, at a point which was not governed by a traffic control device, during heavy rush hour traffic, knowing that the infant was going to cross the highway"). Third-party plaintiffs also cite a case where the defendant driver, not another driver, was alleged to have caused the plaintiff passenger's injury by pulling away from the curb before the passenger's leg was completely in the car. *See Weiss v. Muccillo*, No. 95 CIV. 5686 (PKL), 1999 WL 58930, at *1 (S.D.N.Y. Feb. 5, 1999). Similarly, third-party plaintiffs cite a case where a plaintiff was not injured by another driver but claimed to have fallen to the ground exiting the vehicle after defendant negligently veered off the road and drove into a ditch. *See Calandra v. Marnell*, 790 N.Y.S.2d 804, 804 (App. Div. 2005). However, these cases are not applicable here because it is undisputed that plaintiff was an adult, that Josh Slocum lawfully parked the car on the shoulder, and that Levine was injured by another vehicle after he walked onto the roadway. Finally, third-party plaintiffs cite to a case where a common carrier (namely, a taxi), which has a special duty to its passengers, illegally double-parked, and a passenger was injured after a passing car struck the rear passenger-side door as the passenger opened it. *See Ferguson v. Gassman*, 645 N.Y.S.2d 331, 331 (App Div. 1996). That case is also inapposite to the instant case. Here, Josh Slocum was not a common carrier, was not alleged to have violated the law by parking on the shoulder, and Levine safely exited the vehicle on the shoulder (and was only injured after he walked onto the roadway).[4] At oral argument, the Court asked counsel for third-party plaintiffs to cite any case, in the history of New York jurisprudence, where an adult passenger exited a vehicle that was lawfully parked and a non-common carrier driver of the vehicle was held to be negligent for injuries to the passenger that occurred after the passenger walked into the roadway and was hit by another car. Counsel was unable to point to any such case, and the Court's own research has revealed no such case. Instead, the New York case authority—such as *Mignery* and *Jezerski*—has clearly concluded that no such liability exists for the driver in these circumstances.[5]

Accordingly, given the uncontroverted

---

[4] Even with respect to a common carrier, it is well settled that the general rule is that "a carrier's duty to its passenger terminates when he or she alights safely onto the curb." *O'Lear v. Alvarado*, 790 N.Y.S.2d 695, 696 (App. Div. 2005) (quotations and citations omitted).

[5] Counsel's suggestion at oral argument that a driver has a duty to warn an adult passenger about potential dangers also has no basis in New York law. In any event, in this case, there is no evidence that Josh Slocum was uniquely aware of (or able to perceive) any dangers regarding the roadway that Levine was unable to perceive when he decided to enter the roadway. *Cf. Jezerski*, 209 N.Y.S.2d at 669 ("[A]bsent any allegation of actual knowledge of the impending [alleged] negligence by [the driver who struck plainitff, the driver who discharged plaintiff] was not bound to anticipate that plaintiff would be injured in the middle of the public way."). Thus, this argument has no merit from a legal or factual standpoint.

7

facts, summary judgment is warranted on the third-party claims in the instant case.

### IV. Conclusion

For the foregoing reasons, the third-party defendants' motion for summary judgment is granted on the claims contained in the third-party complaint.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: August 11, 2010
Central Islip, New York

\* \* \*

The attorney for plaintiff Richard Levine is Michael S. Kafer, Esq., Loscalzo & Loscalzo, LLP, 14 East 4th St., New York, New York 10012. Defendants/Third-Party Plaintiffs Paul S. Manna and Christine A. Manna are represented by Michael Dempsey, Esq., Leahey & Johnson, P.C., 120 Wall Street, Suite 2220, New York, New York 10005. Third-party defendants Josh Slocum and John Slocum are represented by Richard A. Harris, Esq., Law Office of Andrea G. Sawyers, 3 Huntington Quadrangle, Suite 102S, P.O. Box 9028, Melville, New York 11747.